IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD SCHOTT,                         )
                                        )
            Plaintiff                   )
                                        )
        vs.                             )       Civil Action No. 05-1730
                                        )
JOHN DOE, Corrections Officer           )       Chief Judge Donetta W. Ambrose/
JACOBS, Superintendent MECHLING,        )       Magistrate Judge Amy Reynolds Hay
Registered Nurse JANE DOE, Doctor       )
ROBERT DOE, Doctor M. HERBIK,           )
KATHIE MATES, CHRIS MEYER, JOE          )
BALINSKI, and JOHN ESPENSHADE,          )
                                        )
            Defendants                  )
                                        )       Re: Doc. Nos. 22, 24 & 32

REPORT AND RECOMMENDATION

RECOMMENDATION

        It is respectfully recommended that the motion to dismiss filed by the DOC Defendants

(Doc. No. 22) and the motion to dismiss filed by the Independent Contractor Defendants (Doc.

No. 24) be granted as to all claims and that those defendants be dismissed from this action. It is

further recommended that Dr. Doe's motion for judgment on the pleadings (Doc. No. 32) be

granted in part and denied in part; it should be granted as to Plaintiff's medical malpractice

action against Dr. Doe but denied in all other respects.

REPORT

        Richard Schott, (Plaintiff), while a prisoner at SCI-Fayette, having paid the filing fee,[1]

filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  In addition to federal law

claims, it appears that Plaintiff is also invoking this court's supplemental jurisdiction over state

law claims of  assault and battery and negligence.  Because it is clear from the face of the

_____

        [1]  Because he paid the filing fee, Plaintiff did not request nor was he granted in forma pauperis
status.  Hence, the Independent Contractor Defendants' reliance on 28 U.S.C. § 1915(e)(2), the screening
provisions for prisoners granted in forma pauperis status is misplaced.  See Doc. 25 at 4.

complaint that Plaintiff has failed to exhaust his administrative remedies, all of his claims against the Department of Corrections ("DOC") defendants and against the Independent Contractor Defendants should be dismissed.  Because Plaintiff has failed to file a certificate of merit with respect to his medical malpractice claim against Dr. Doe, that claim should be dismissed as well.

### A.    Relevant Procedural History

On December 15, 2005, while he was a prisoner in SCI-Fayette,  Plaintiff filed a civil rights complaint  Doc. # 1.  The complaint named ten defendants and complained of conditions/experiences at two different prisons: 1) Lancaster County Prison and 2) SCI-Fayette. Five of the defendants were employed by or at Lancaster County Prison, one of whom, namely Dr. Robert Doe, through his counsel, has filed a motion for judgment on the pleadings.  Two of the defendants were employed by the Department of Corrections ("DOC") at SCI-Fayette: Superintendent Mechling and Joe Balinski, collectively referred to as the "DOC Defendants". Three defendants worked at SCI-Fayette but apparently were independent contractors: Dr. Herbik, Kathie Mates and Chris Meyer. These three Defendants provided medical services at SCI-Fayette and will be collectively referred to as the "Independent Contractor Defendants."

The complaint alleged as follows:

**Count I:**
Defendant's [sic] Warden John Doe, Correctional Officer Jacobs, Dr. Robert Doe and Nurse Jane Doe, Lancaster County, Lancaster County Prison, are hereby charged with the following crimes that violate Plaintiff's Civil Rights, specifically Title 42, section 1983; (a) Willful and deliberate negligence concerning the safety and protection of plaintiff while in their custody awaiting sentencing.  (b) Failure to properly segregate plaintiff who was suffering from a mental illness and was coded for observation. (c) Failure to adequately screen known violent inmate from general population.  (d) Lancaster County Prison's complete denial of Emergency medical care following assault which resulted in plaintiff suffering fractured Orbital and a ruptured septum.  (e) Failure to provide follow-up medical care after surgery as prescribed by physician who performed surgery.
**Count II**:
Defendant's [sic] Superintendent Mechling (Warden at S.C.I. Fayette on February 3, 2004), Kathie Mates, CRPN., Chris Meyer, PA-C and Joe Balinski,

> RN.  (a) S.C.I. Fayette's Failure to provide follow-up medical care after surgery as prescribed by physician who performed operation, which led to plaintiff's suffering a stroke on January 25, 2005.  (b) S.C.I. Fayette's complete denial of Emergency medical care and further treatment of plaintiff after suffering stroke which has caused him loss of vision in his Left Eye, Nerve damage, Numbness and loss of feeling to the left side of his face, and left him with limited use of his left arm and hand, along with ongoing medical symptoms. (plaintiff exhibited adequate symptoms to be properly diagnosed by medical staff in the medical department.)  (c) Defendant Dr. M. Herbik, as a trained medical practitioner had an obligation to recognize and treat plaintiff's symptoms that led up to stroke which could have been prevented had he recieved [sic] proper treatment in a timely manner.

Doc. 1-1 at 4.  Plaintiff used the form complaint provided to pro se prisoners by the Clerk's office.  That form complaint asked if the incident being complained of occurred in an institution located within this judicial District and if so, where.  Doc. 1-1 at 5, ¶ V.  Plaintiff responded yes and indicated the place was both Lancaster County Prison[2] and SCI-Fayette.  Then the form asked whether there was a prisoner grievance procedure "in this institution."  Id., at ¶ V.A.  Plaintiff responded yes there was a prisoner grievance procedure.  When asked whether he presented the facts relating to his civil rights complaint to the "**state** prisoner grievance procedure," id., at ¶ V.B (emphasis added), Plaintiff responded no.  He explained that the prisoner grievance system was "not applicable." Doc. 1-1 at 5.  Hence, there is an ambiguity as to whether or not Plaintiff presented any grievance to the Lancaster County Prison authorities, which presumably does not constitute part of the "state prisoner grievance procedure."

The DOC Defendants filed a motion to dismiss for failure to state a claim (Doc. 22) and a brief in support (Doc. 23).  The Independent Contractor Defendants filed a motion to dismiss for failure to state a claim (Doc. 24) and a brief in support (Doc. 25).  Plaintiff filed  responses (Docs. 26 & 28).  The five defendants employed at the Lancaster County Prison, namely, Warden

---

[2]  The Court takes judicial notice of the fact that the Lancaster County prison is located in Lancaster County which is within the territorial confines of the Federal District Court for the Eastern District of Pennsylvania.  See 28 U.S.C. § 118(a).  No one has raised the issue of venue.

John Doe, C.O. Jacobs, John Espenshade, Dr. Robert Doe and Jane Doe, R.N., filed an Answer.

Doc. 29.  Thereafter, Dr. Robert Doe filed a motion for judgment on the pleadings (Doc. 32-1)

and a brief in support (Doc. 33).  Plaintiff filed a response (Doc. 35-1).  In all three of the

motions, the three sets of Defendants raised Plaintiff's failure to exhaust administrative remedies

pursuant to the Prison Litigation Reform Act.  In all three of his responses to the motions

Plaintiff argued that the "Prison Litigation Reform Act (PLRA) 42 U.S.C. § 1997e(a), Clearly

[sic] states it is for prison Conditions.  Not for Lack of Emergency Care."  Doc. 26-1 at ¶ 3; Doc.

28-1 at ¶ 3; Doc. 35-1 at ¶ 3.

      **B.**      **Applicable Legal Principles**

           **1.**      **Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) may be granted where the court is satisfied

"that no relief could be granted under any set of facts that could be proved consistent with the

allegations" contained in the complaint.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

Conley v. Gibson, 355 U.S. 41 (1957).  In addition to the complaint, courts may consider matters

of public record and other matters of which a court may take judicial notice, court orders, and

exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6).

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the

complaint, employing less stringent standards when considering pro se pleadings than when

judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).  The issue is

not whether the plaintiff will prevail at the end but only whether he should be entitled to offer

evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989).  The complaint must

be read in the light most favorable to the plaintiff and all well-pleaded, material factual

allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976). While

all factual allegations are to be accepted as true, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted). Dismissal is proper under Rule 12(b)(6) where the court determines that the facts as alleged by the plaintiff taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000).

### 2.    Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is treated under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Regalbuto v. City of Philadelphia, 937 F.Supp. 374, 376-77 (E.D.Pa.1995), aff'd, 91 F.3d 125 (3d Cir. 1996), cert. denied, 519 U.S. 982 (1996); Constitution Bank v. DiMarco, 815 F.Supp. 154, 157 (E.D. Pa. 1993). In ruling on a Rule 12(c) motion, a court may consider documents attached to the complaint or pleadings. See, e.g., Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 n.4 (5th Cir. 1998). See also Charles Alan Wright & Arthur R. Miller, 5C Federal Practice and Procedure: 3d  §1371 ("Because Rule 10(c) incorporates into the pleadings all exhibits attached thereto and materials referred to, the district court can consider those documents in deciding a Rule 12(c) motion"). In addition, however, in considering a motion for judgment on the pleadings, a court is not limited to the pleadings themselves but may also consider facts of which the court may take judicial notice. See, e.g., Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000) (court may take judicial notice of public disclosure documents filed with the SEC in disposing of a motion for judgment on the pleadings); Armbruster Products, Inc. v. Wilson, 35 F.3d 555, 1994 WL 489983 at p. *2 (4th Cir. 1994) (unpublished opinion) ("When ruling on a motion for judgment on the pleadings, the district court is not limited to the pleadings themselves, but may take judicial notice of additional

5

facts where appropriate."); Southmark Prime Plus, L.P. v. Falzone, 776 F.Supp. 888, 892 (D.Del. 1991).  Moreover, "the consideration of the judicially noticed facts does not convert the motion into a  Rule 56 motion for summary judgment.  It is only when the Court goes beyond the pleadings and judicially noticed facts that the Court must convert the motion and give both sides notice and an opportunity to supplement the factual record."  Id.

### C. Discussion

#### 1.      Exhaustion

All three sets of Defendants raise the issue of exhaustion of administrative remedies.

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, to provide that  "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  At the time of the filing of the instant complaint, Plaintiff was a "prisoner"[3] within the meaning of Section 1997e.  See Doc. 1-1 at 1 (listing address at 50 Overlook Drive, LaBelle, Pa., which is address for SCI-Fayette).[4]  The rule is that if at the time of the filing of the complaint, the plaintiff is a prisoner, then the PLRA exhaustion requirement is applicable. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001)("Section 1997e(a) of Title 42, amended by the PLRA, requires that the plaintiff exhaust administrative remedies, but only if the

---

[3] 42 U.S.C. § 1997e(h) provides that "[a]s used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

[4] See DOC website listing address for SCI-Fayette.

http://www.cor.state.pa.us/fayette/site/default.asp

plaintiff is a prisoner at the time of filing. *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999).")),

cert. denied, 533 U.S. 953 (2001);  In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)("If a

litigant is a prisoner on the day he files a civil action, the PLRA applies."). Hence, Plaintiff was

subject to the PLRA's exhaustion requirement.

  The statutory phrase "action brought with respect to prison conditions" as used in Section

1997e includes conditions of confinement such as "those regarding cell overcrowding, poor

prison construction, inadequate medical facilities, and incomplete law libraries.   Put differently,

actions arising under this clause relate to the environment in which prisoners live, the physical

conditions of that environment, and the nature of the services provided therein."  Booth v.

Churner, 206 F.3d 289, 294 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001).  The statutory phrase also

includes "the effects of actions by government officials on the lives of persons confined in

prison.   We read this clause to refer to civil actions ranging from excessive force actions, such as

Booth's, to actions 'with respect to' a prison official's decision not to make basic repairs in the

prison, or intentionally to deny a prisoner food, heating, or medical attention.   All of these

actions affect the lives of prisoners similarly:  They make their lives worse."  Id. at 295 (citations

and some internal quotations omitted). Likewise, the Supreme Court has declared that "the

PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some

other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  Thus, the Courts have made clear that

any claim about prison life is subject to the exhaustion requirement, thereby interpreting the

exhaustion requirement very broadly.

  Moreover, not only is the exhaustion requirement broad, it is also mandatory.  The Court

of Appeals for the Third Circuit has made clear that Section 1997e(a) "'specifically mandates'

that inmate-plaintiffs exhaust their available administrative remedies." Nyhuis v. Reno, 204 F.3d

65, 73 (3d Cir. 2000) (internal citations omitted).  Therefore, "it is beyond the power of this court

... to excuse compliance with the exhaustion requirement...." Id.  Accordingly, the Third Circuit

has concluded "[o]ur bright line rule is that inmate-plaintiffs must exhaust all available

administrative remedies." Nyhuis, 204 F.3d at 75.  Because Plaintiff's allegations in the

complaint constitute an "action brought with respect to prison conditions" within the meaning of

the PLRA, the exhaustion requirement provisions of Section 1997e(a) apply herein.

The Court takes judicial notice that  the pertinent DOC policy establishing what

administrative remedies are available to prisoners in DOC institutions was promulgated in DC-

ADM 804.  Doc. 23 at 4.  That policy sets up a three tiered grievance system, which  requires as a

first formal step (called "initial review") in the grievance system that an inmate file a grievance

with the grievance officer of an institution. See id.  The second step is for the inmate to file an

appeal from the initial review directed to the facility supervisor.  Id.  The third step is for the

inmate to file an appeal called "final review" to DOC central staff.  Id.; see also Ahmed v.

Sromovski, 103 F.Supp.2d 838, 843-44 (E.D.Pa. 2000).  In order for a prisoner-plaintiff to

exhaust his administrative remedies within the meaning of Section 1997e(a), he or she must

utilize all three levels of the DOC grievance system. Id., at 843.

Instantly, all of the moving Defendants have raised the defense that Plaintiff has failed to

exhaust administrative remedies as required under the PLRA.

The court acknowledges that the failure to exhaust administrative remedies is an

affirmative defense, typically reserved for the summary judgment stage, Ray v. Kertes, 285 F.3d

287, 293 n. 5 (3d Cir. 2002), but in this instance, the complaint on its face shows that Plaintiff

failed to exhaust at least with respect to the DOC Defendants and the Independent Contractor

Defendants.  See, e.g., Ray v. Kertes, 285 F.3d at 293 n.5 (noting a district court's inherent power

to dismiss where the complaint shows on its face that the prisoner failed to exhaust available

administrative remedies).  See also Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000); Quillar v. Brinkman, 63 Fed.Appx. 361, 362 (9th Cir. 2003)("The district court correctly dismissed Quillar's action because it was clear from the face of the amended complaint that he had failed to exhaust available prison administrative remedies.").  Because it is clear on the face of the complaint that the Plaintiff failed to exhaust his administrative remedies as to the DOC Defendants and the Independent Contractor Defendants, their motions to dismiss should be granted.

The complaint does not make clear on its face that the Plaintiff failed to exhaust with respect to Dr. Doe who apparently worked at or for the Lancaster County Prison.  This is so because the form complaint only asked Plaintiff whether he presented the "facts relating to your complaint in the **state** prisoner grievance procedure," Doc. 1-1 at 5, ¶ V.B. (emphasis added), i.e., about exhaustion of grievance procedures at SCI-Fayette not about exhaustion of administrative remedies at Lancaster County Prison.  Nor does Dr. Doe's motion for judgment on the pleadings do anything to address this question.  In his motion for judgment on the pleadings, Dr. Doe cites to the same administrative remedy policies cited to by the DOC Defendants and the Independent Contractor Defendants, namely DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System.  Doc. 33 at 4.  The Court takes judicial notice of the fact that the policy statement found at DC-804, ¶ III entitled "Applicability" provides that "[t]his policy [i.e., the Administrative Grievance Remedy Policy of the DOC] is applicable to every employee of the Department [of Corrections], every inmate **under the jurisdiction of the Department**, and to those individuals and groups who have business with or use the resources of the Department" (emphasis added).[5]   The court notes that Plaintiff indicates that he was at the Lancaster County

---

[5]  This policy is located at:

http://www.cor.state.pa.us/standards/lib/standards/DC-ADM_804_Inmate_Grievances.pdf

Prison "on writ."  Doc. 28-1 at 2, ¶ 7.  Presumably, this means a writ of habeas corpus ad

prosequendum or ad testificandum or a writ of some similar variety, which indicates to the court

a temporary placement in the Lancaster County Prison.  While this status of being at the

Lancaster County Prison temporarily on a writ may qualify Plaintiff as being an "inmate under

the jurisdiction of the Department" of Corrections within the contemplation of the DC-ADM

804's provisions on applicability of the grievance procedure, it is not clear from the face of the

complaint nor from the pleadings that Plaintiff qualifies as an "inmate under the jurisdiction of

the Department" of Corrections.  Hence, it is not clear from the face of the complaint nor from

the pleadings that Plaintiff failed to exhaust administrative remedies with respect to events

occurring at the Lancaster County Prison.  Accordingly, the exhaustion rationale cannot provide a

basis for granting Dr. Doe's motion for judgment on the pleadings and so his motion should be

denied without prejudice to filing a motion for summary judgment, if he so chooses, based on the

Plaintiff's failure to exhaust, which shows that Plaintiff was an "inmate under the jurisdiction of

the Department of Corrections" and/or which shows that there was an administrative remedy

promulgated at the Lancaster County Prison, which was available to Plaintiff and which he failed

to utilize.

---

The court further notes that the effective date of this policy found on the DOC website is January 3,
2005.  Some of the  problems of which Plaintiff complains in his complaint occurred in or around
February 3, 2004.  It is not clear whether the portion of the policy entitled "Applicability" as found on
the website was in force at the time of the events that occurred at Lancaster County Prison in February
2004.  In any event, Dr. Doe has not carried his burden to show that the DC-ADM 804 administrative
grievance policy was an available administrative remedy to Plaintiff for events occurring at Lancaster
County Prison or whether the Lancaster County Prison had its own internal administrative grievance
procedure that applied. See, e.g., Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004)("Failure to exhaust is
an affirmative defense, and the defendants did not meet their burden of proving that Dale had available
remedies that he did not utilize.").

While it is true that the exhaustion requirement of 42 U.S.C. § 1997(e) applies only to prisoner's federal law claims,[6] Pennsylvania has enacted a parallel state statute requiring exhaustion of administrative remedies for all prison conditions claims arising under Pennsylvania law. 42 Pa.C.S. § 6603.[7]  In fact, the Independent Contractor Defendants specifically invoke the defense to the state law claims made available to them under the Pennsylvania PLRA. Doc. 25 at 5.

The court finds the reasoning above with respect to Plaintiff's failure to exhaust his federal claims equally applicable with respect to his failure to exhaust his state law claims.  This is because the Pennsylvania PLRA statute defines "Prison conditions litigation" broadly to mean

---

[6]  42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or **any other Federal law**, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")(emphasis added); Malone v. Becher, 2003 WL 22080737, *17 (S.D. Ind. Aug. 29, 2003)("Brown's claims as representative of a class that asserts only state law claims are not subject to the PLRA exhaustion requirement, which applies to actions 'under section 1983 of this title, or any other Federal law....'"); Johnson v. Rivera, 2002 WL 31012161, *4 (N.D. Ill. Sept. 6, 2002)("Because Plaintiff's state law claims are only subject to federal jurisdiction via § 1367 [i.e., the supplemental jurisdiction statute], they do not fall under the PLRA meaning of 'any other Federal law.' Therefore, the state claims are not subject to the PLRA's exhaustion requirement"); Nunez v. Goord, 172 F.Supp.2d 417, 430 (S.D.N.Y. 2001)("By its own terms, § 1997e(a) only applies to claims made pursuant to § 1983 and regarding "prison conditions." As Nunez's cause of action alleging negligence does not invoke § 1983, or any other federal law, it is not subject to § 1997e(a)'s exhaustion requirement.").

[7]  The Pennsylvania PLRA, 42 Pa.C.S.A. § 6603, provides in relevant part that

(a) Limitations on remedies for Federal claims.--Prison conditions litigation filed in or remanded to a court of this Commonwealth alleging in whole or in part a violation of Federal law shall be subject to any limitations on remedies established by Federal law or Federal courts with respect to the Federal claims.

(b) Limitations on remedies under Pennsylvania law.--Prison conditions litigation arising in whole or in part due to an allegation of a violation of Pennsylvania law shall be subject to the limitations set forth in this act with respect to those claims arising under Pennsylvania law.

> A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

42 Pa.C.S.A.§ 6601.  Indeed, the Pennsylvania Courts have recognized that the State PLRA was in fact modeled after the  Federal PLRA.  See, e.g., Payne v. Commonwealth Dept. of Corrections, 871 A.2d 795, 800 (Pa. 2005)("We note that our General Assembly enacted the statute in 1998, modeling it after the federal Prison Litigation Reform Act enacted in 1995, P.L. 104-134, tit. Vii Stat. 1321 (1996). The federal statute is intended to promote administrative redress, to filter out groundless claims, and to foster better prepared litigation of prisoner claims. Booth v. Churner, 532 U.S. 731, 737 (2001). To achieve such purpose, both the federal and Pennsylvania PLRA set forth guidelines to be followed in prison conditions litigation."). As such, the court recommends the grant of the Independent Contractors' motion to dismiss with respect to all of Plaintiff's state law claims against them, and recommends the sua sponte dismissal for all of the state law claims against the DOC Defendants pursuant to the PLRA screening provisions found at 28 U.S.C. § 1915A, because the DOC Defendants qualify as a "governmental entity or officer or employee of a governmental entity" within the contemplation of 28 U.S.C. § 1915A(a).[8] Alternatively, the court recommends the sua sponte dismissal of the

---

[8]  The federal PLRA, in relevant part added Section 1915A, entitled "Screening," to Title 28 U.S.C. to provide that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such relief."  The plain language of the statute, referring to a "civil action" includes any suit brought in federal court even those which include supplemental state law claims, and permits federal courts to screen state law claims brought in the federal courts. See, e.g.,  Horton v. Thompson, No. 02-C-0470-C, 2002 WL 32345677, *9 (W.D. Wis. September 23, 2002)("If he fails to do so, [i.e., essentially amend his complaint to make clear what state law claims the prisoner is bringing] I will decline to exercise supplemental jurisdiction over any state law claims; if he responds as instructed, I will screen plaintiff's state law claims pursuant to 28

state law claims for failure to exhaust as required by the Pennsylvania PLRA pursuant to its

inherent powers.[9]

## 2.      Certificate of Merit

Dr. Doe has moved for judgment on the pleadings with respect to Plaintiff's medical

malpractice claim against him. Doc. 33 at 12-13.  Dr. Doe argues that Plaintiff's state law

medical malpractice claim should be dismissed because of his failure to comply with Pa.R.Civ.P.

1042.3.[10]  Plaintiff has not specifically responded to this argument. However, the court agrees

---

U.S.C. § 1915A.").

[9] See, e.g., Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990)("there are times when a court may sua sponte raise the issue of the deficiency of a pleading under Rule 12(b)(6) provided that the litigant has the opportunity to address the issue either orally or in writing."); Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980).  Plaintiff has already had notice and opportunity to respond to the Independent Contractor Defendants' motion and we are essentially granting dismissal to the DOC Defendants based on the same arguments raised by the Independent Contractor Defendants.  In addition, this report and recommendation provides additional notice, and the opportunity to file objections provides an additional opportunity to be heard.  Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, *1 (6th Cir. 1998);  Witzke v. Carlson, 19 F.3d 1438 (Table), 1994 WL 83270, *1 (8th Cir. 1994).  Dismissing these claims sua sponte, serves judicial economy in addition to saving time and money for all of the litigants, both Plaintiff and Defendants.

[10]  Pa.R.Civ.P. 1042.3 provides as follows:

 (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

that Plaintiff's medical malpractice action must be dismissed for failing to have supplied the medical certificate of merit as required by Pennsylvania law.

Because Plaintiff has not provided the court with a certificate of merit as required by Pa.R.Civ.P. 1042.3, the malpractice claim against Dr. Doe should be dismissed.  In so concluding the court relies upon the reasoning of Velazquez v. UPMC Bedford Memorial Hospital, 328 F.Supp.2d 549 (W.D. Pa. 2004), reconsideration granted by, 338 F.Supp.2d 609 (W.D. Pa. 2004) and Hartman v. Low Security Correctional Institution Allenwood, No. 4:CV-04-209, 2005 WL 1259950 (M.D. Pa. May 27, 2005).

In Velazquez, a plaintiff sued a physician in Federal Court in this District in a diversity action, alleging medical malpractice.  The defendant physician raised the issue of the plaintiff's failure to comply with Pa.R.Civ.P. 1042.3.  The Court, speaking through Judge Gibson, ultimately held that Rule 1042.3 applied to the suit and that failure of plaintiff to comply required dismissal of the suit.  In like manner, Plaintiff's undisputed failure to comply with Rule 1042.3 requires dismissal of this suit against Dr. Doe.[11]  Accord Hartman, 2005 WL 1259950

---

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

(b) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.
. . . .

(d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

[11] Although Velazquez and possibly, Hartman, involved diversity jurisdiction, the applicability of Pa.R.Civ.P. 1042.3 to state law claims premised on a Federal Court's supplemental jurisdiction is unquestioned.  See, e.g., Robus v. Pennsylvania Dept. of Corrections, NO. CIV A. 04-2175, 2006 WL 2060615, *11 (E.D.Pa. July 20, 2006)("Rule 1042.3 applies regardless of whether state law claims are brought under diversity jurisdiction (as in Iwanejko, Scaramuzza, and Schwalm), or under supplemental jurisdiction (as here).").

(dismissing complaint alleging professional negligence against Doctor and Hospital because plaintiff failed to comply with Rule 1042.3). Cf. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir.2000)(holding that the New Jersey certificate of merit requirement applied to a medical malpractice action filed in federal court and affirming dismissal for failure to comply therewith).[12]

In light of the foregoing, the court recommends dismissal of all of the claims, both federal and state claims, against the DOC and Independent Contractor Defendants because it is clear on the face of the complaint that Plaintiff failed to exhaust his administrative remedies with regard to these two sets of Defendants. The Court recommends granting Dr. Doe's motion for judgment on the pleadings only as to Plaintiff's medical malpractice claims against Dr. Doe. To the extent that Plaintiff seeks to bring an Eighth Amendment deliberate indifference claim or other state law claims against Dr. Doe, those claims should not be dismissed at this stage.[13]

---

[12] Dr. Doe also asserts Pa.R.Civ.P. 1042.6 as grounds for dismissal. Rule 1042.6 provides for judgment of non pros by the Prothonotary against any plaintiff who fails to timely file a certificate of merit. Given our recommendation for dismissal involving the substantive obligation to file a certificate of merit as prescribed by Pa.R.Civ.P. 1042.3, we do not reach Dr. Doe's alternative argument.

[13] While Dr. Doe sought judgment on the pleadings on grounds other than failure to exhaust and other than the certificate of merit issue, the court finds none of those grounds merits the requested relief. Contrary to Dr. Doe's contentions, the Plaintiff need not set forth with factual specificity the conduct of the defendants that harmed the plaintiff. Doc. 33 at 5. Beanstalk Group, Inc. v. AM General Corp., 283 F.3d 856, 863 (7th Cir. 2002)("Federal pleading rules, ... require that a complaint only give notice of the plaintiff's claim, and not that it spell out the facts underlying the claim")(citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). Nor is it clear that the claims against Dr. Doe constitute claims merely for negligence and not an Eighth Amendment deliberate indifference claim. Doc. 33 at 6-9. Nor is the fact that Plaintiff has "no evidence" of serious medical need or of subjective knowledge dispositive at this point, i.e., the pleading stage, nor need Plaintiff specifically plead such facts of serious medical need or subjective knowledge. Doc. 33 at 11. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002) ("under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case[.]"); Nix v. Welch & White, P.A., 55 Fed.Appx. 71, 72 (3d Cir. 2003)("a complaint generally need not allege every element of a plaintiff's claim").

This proposed disposition leaves before the Court all claims against Dr. Doe, other than the medical malpractice claim, as well as all claims against the other Lancaster County defendants, namely, John Espenshade, Warden John Doe, Correctional Officer Jacobs and Jane Doe, R.N.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/   Amy Reynolds Hay

Dated: 8 January, 2007

cc:     The Honorable Donetta W. Ambrose
        Chief United States District Judge

        Richard Schott
        3905 Willow Avenue
        Apartment 1-A
        Castle Shannon, PA 15234

        All counsel of record via Notice of Electronic Filing