IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD SCHOTT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 05-1730 |
| ) | |
| JOHN DOE, Corrections Officer ) | Chief Judge Donetta W. Ambrose/ |
| JACOBS, Superintendent MECHLING, ) | Magistrate Judge Amy Reynolds Hay |
| Registered Nurse JANE DOE, Doctor ) | |
| ROBERT DOE, Doctor M. HERBIK, ) | |
| KATHIE MATES, CHRIS MEYER, JOE ) | |
| BALINSKI, and JOHN ESPENSHADE, ) | |
| ) | |
| ) | |
| Defendants ) | Re: Doc. Nos. 22, 24 & 32 |

**MEMORANDUM ORDER**

The above-captioned prisoner civil rights complaint was received and docketed by the Clerk of Court on December 15, 2005, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (Doc. No. 36), filed on January 8, 2007, recommended that the Department of Corrections Defendants' motion to dismiss and the Independent Contractor Defendants' motion to dismiss be granted and that they be dismissed as party defendants from this action. The report further recommended that Dr. Doe's motion for judgment on the pleadings be granted in part and denied in part. The report recommended granting Dr. Doe's motion for judgment on the pleadings as to Plaintiff's medical malpractice claim against Dr. Doe but recommended denying the motion in all other respects. This court further notes that Dr. Doe worked at the Lancaster County prison, which, as the report noted, is located within the territorial boundaries of the Federal District Court for the Eastern District of Pennsylvania. This Court further notes that four other defendants named in the complaint also

were employed at the Lancaster County Prison. However, these four defendants filed an answer but did not file any dispositive motions. Doc. 29. These four defendants are Warden John Doe, C.O. Jacobs, John Espenshade, and Nurse Jane Doe. The claims against them, as well as against Dr. Doe, all concern actions or inactions taken while Plaintiff was at the Lancaster County Prison.

The report was served on the Plaintiff via first class mail at 3905 Willow Avenue, Apartment 1-A, Castle Shannon, Pa. 15234. Plaintiff and the parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (c), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections. No objections were filed.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW**, this 15th day of Feb., 2007,

**IT IS HEREBY ORDERED** that the Department of Corrections Defendants' motion to dismiss (Doc. 22) and the Independent Contractor Defendants' motion to dismiss (Doc. 24) are **GRANTED** and they are dismissed as party defendants from this suit.

**IT IS FURTHER ORDERED** that Dr. Doe's Motion for Judgement on the Pleadings (Doc. 32) is granted in part and denied in part. It is **GRANTED** as to Plaintiff's medical malpractice action against Dr. Robert Doe. It is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 36), filed on January 8, 2007, by Magistrate Judge Amy Reynolds Hay, is adopted as the opinion of the court.

Lastly, it appears that the only remaining claims are claims that concern Dr. Robert Doe and claims that involve the four defendants who filed an answer but did not file a dispositive motion. It further appears that all of the surviving claims concern actions or inactions that took

place while Plaintiff was housed in the Lancaster County Prison, which is located in the Eastern District of Pennsylvania. The Court having considered all of the factors governing venue,[1] the Clerk is hereby sua sponte **ORDERED TO TRANSFER** this case to the Federal District Court for the Eastern District as venue for the only remaining claims is proper there . See, e.g., Robinson v. Town of Madison, 752 F.Supp. 842, 846 (N.D. Ill. 1990)("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

*Donetta F. Ambrose*
Donetta W. Ambrose
Chief United States District Judge

cc:   The Honorable Amy Reynolds Hay
United States Magistrate Judge

Richard Schott
3905 Willow Avenue
Apartment 1-A
Castle Shannon, PA 15234

All counsel of record via Notice of Electronic Filing

---

[1] See, e.g., 28 U.S.C. § 1404(a) which provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." See also Calkins v. Dollarland, Inc., 117 F.Supp.2d 421, 428 (D.N.J. 2000)(setting forth the factors to consider for transferring venue).